# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMREEN RIAZ,<br><br>         Plaintiff,<br><br>    v.<br><br>NATHAN HENRY, et al.,<br><br>         Defendants.<br>_____/ | Case No. 1:21-cv-00911-KES-SKO<br><br>**ORDER VACATING HEARING AND DENYING DEFENDANTS' MOTION TO STAY**<br><br>(Docs. 37 & 40) |

## I.   INTRODUCTION

This matter is before the Court on Defendants City of Visalia, Nathan Henry, Edvin Canto, and Art Alvarez (collectively, "City Defendants")'s "Motion to Stay Proceedings Pending Resolution of Related Case on Appeal," filed May 1, 2024 (the "Motion").[1]  (Doc. 37.) Defendants County of Tulare and Ernest Ceballos (together, "County Defendants") filed a joinder in the Motion

---

[1] City Defendants also filed a Request for Judicial Notice in support of the Motion ("Request for Judicial Notice"). (Doc. 39.) Plaintiff has not filed an opposition. (*See* Docket.) Grants of judicial notice are a matter of judicial discretion. *See United States v. Nat. Med. Enters., Inc*., 792 F.2d 906, 912 (9th Cir. 1994).  The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of L.A*., 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002); *see also Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 1994); *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1198 (9th Cir. 1988). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  Plaintiff requests judicial notice of an opinion of the California Court of Appeal, Fifth Appellate District, as well as filings in and orders by the California Superior Court for the County of Tulare. *See* Request for Judicial Notice Exs. A–E.  Since these are public records and court documents properly subject to judicial notice, the Court hereby GRANTS City Defendants' request (Doc. 39).

on May 2, 2024.  (Doc. 40.)  On May 15, 2024, Plaintiff filed her opposition to the Motion (Doc. 42), and the City Defendants replied on May 28, 2024 (Doc. 43).

After having reviewed the motion and supporting material, the matter is deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the hearing set for June 26, 2024, will be vacated.  For the reasons set forth below, the Motion will be denied.[2]

## II.   BACKGROUND

**A.   Present Lawsuit**

Plaintiff Samreen Riaz ("Plaintiff") alleges he was unlawfully detained pursuant to section 5150 of the California Welfare and Institutions Code as a result of an incident that took place in August 2020 at Plaintiff's residence involving Defendants Nathan Henry, Edvin Canto, Art Alvarez, peace officers for the City of Visalia Police Department, and Defendant Ernest Ceballos, a mental health crisis service worker for the County of Tulare.  (Doc. 1 at 2–6.)

On June 9, 2021, Plaintiff, represented by counsel, filed a complaint asserting nine causes of action against Defendants.  (Doc. 1.)  As against Defendants Henry, Canto, Alvarez, and Ceballos, Plaintiff alleged unlawful seizure under the Fourth Amendment and 42 U.S.C. § 1983.  Plaintiff also alleged *Monell* claims under 42 U.S.C. § 1983 against Defendants City of Visalia ("City") and County of Tulare ("County").  Against Defendants Henry, Canto, and Alvarez, Plaintiff alleged tort claims, including a negligence claim, a false arrest claim, a battery claim, and intentional infliction of emotional distress claim.  Plaintiff also alleged disability discrimination under the ADA against Defendants City and County.  (*See id.*)

County Defendants and City Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on August 4, 2021, and September 13, 2021, respectively, and Plaintiff filed opposition briefs.  (*See* Docs. 6, 12, 14, 16.)  On January 3, 2023, the Court granted in part and denied in part the motions to dismiss, and dismissed Plaintiffs' ADA claims with leave to amend.  (*See* Doc. 24.)  Plaintiff did not amend her complaint, and as a result her ADA claims were dismissed with prejudice.  (*See id.*)

---

[2] The Motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and E.D. Cal. L.R. 302(a).  (*See* Doc. 41.)

**B.     The State Court Action**

On April 9, 2022, while the motions to dismiss were pending in this case, Plaintiff, proceeding *pro se*, filed an action in the California Superior Court, County of Tulare, against the City and other defendants who are not named in the present action, including City police officer Luma Fahoum ("Officer Fahoum"), who was the supervising officer at the time of the August 2020 detention (the "State Court Action"). *See Riaz v. City of Visalia, et al.*, Super. Ct. No. VCU291199 (filed April 8, 2022). In the State Court Action, Plaintiff alleged several causes of action involving multiple interactions with the City police department and its officers, including the August 2020 detention. (*See* Doc. 39-2 & 39-3.)

Ultimately, the court in the State Court Action dismissed all causes of action against the City and the individual defendants, except for a single cause of action against Officer Fahoum for violation of Plaintiff's Fourth Amendment rights as a result of the detention. (*See* Doc. 39-3 at 1–7.) In February 2024, that cause of action was tried in state court. (*See generally id*.)

In a decision dated March 18, 2024, the state court ordered judgment in favor of Officer Fahoum, finding that: (1) the City police officers "had probable cause for the detention" under section 5150 of the California Welfare and Institutions Code; (2) "the evidence at trial did not establish improper conduct by officers in the field much less that [Officer Fahoum] engaged in improper conduct or approved, ratified or set in motion such conduct"; and (3) Plaintiff "suffered no damages based on [Officer Fahoum]'s conduct." (Doc. 39-3 at 8–13.) Judgment was entered in Officer Fahoum's favor in the State Court Action on March 25, 2024. (*See* Doc. 39-4.)

That next day, *pro se* Plaintiff filed a notice of appeal in the State Court Action. (*See* Doc. 39-5.) Plaintiff's appeal of the State Court Action remains pending.

### III.     LEGAL STANDARD

Defendants assert that this federal court case should be stayed so Plaintiff's appeal of the State Court Action may proceed to finality.

As a preliminary matter, the parties disagree as to what standard governs the imposition of a stay of this case in favor of the State Court Action. City Defendants assert that the Court should exercise its inherent authority to stay this case pursuant to its docket management powers, citing

3

1 *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).  (*See* Doc. 38 at 6–7.)  Plaintiff (and, it appears, County Defendants) contend that the factors articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), provide the pertinent analysis here.  (*See* Doc. 42 at 4; *see also* Doc. 40 at 3.)

Whereas "[f]ormerly, there was some division at the district court level over a court's inherent authority, pursuant to *Landis* [], to stay its own action where there were simultaneous and related federal and state actions," the Ninth Circuit "has recently clarified its position" on such authority.  *Plan Adm'r of Chevron Corp. Ret. Restoration Plan v. Minvielle*, No. 20-CV-07063-TSH, 2023 WL 8458264, at *3 (N.D. Cal. Nov. 9, 2023) (citing *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)).  The Ninth Circuit has now "expressly [held] that the *Colorado River* factors control whether a stay can issue in favor of parallel state proceedings."  *Ernest Bock*, 76 F.4th at 843; *see id.* ("A docket management stay may not issue in favor of parallel state proceedings if the *Colorado River* factors do not support a stay.")  The Court therefore applies the *Colorado River*—and not the *Landis* standard—to evaluate whether this case should be stayed in favor of the State Court Action.

Under *Colorado River*, a stay of federal litigation in favor of state court proceedings "is the exception, not the rule."  *Colorado River*, 424 U.S. at 813.  "Only the clearest of justifications will warrant" a stay, *id.* at 819, and the circumstances justifying a stay are "exceedingly rare," *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005).  The Ninth Circuit has identified eight factors that determine whether a *Colorado River* stay is justified:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (citation omitted).  "The weight to be given to any one factor may vary greatly from case to case."  *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (quoting *Moses H. Cone*

4

*Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 21 (1983)). "Some factors may not apply in some cases," but in other cases, "a single factor may decide whether a stay is permissible." *Id.* (citation omitted). "The underlying principle guiding this review is a strong presumption against federal abstention." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

## IV.   DISCUSSION

"Parallelism is a threshold requirement for a *Colorado River* stay." *Ernest Bock,* 76 F.4th at 838. Defendants contend that this case and the State Court Action are parallel because they involve the same causes of action, same complained-of acts, same theory of recovery, same evidence, and same material facts. (Doc. 38 at 9; Doc. 40 at 4. *See also* Doc. 43 at 4.) Plaintiff disagrees and contends the State Court Action involves a claim against a party (Officer Fahoum) not named in this case and does not include a *Monell* claim against the City and County, as alleged here. (Doc. 42 at 5, 6.)

To establish parallelism between the federal and state court actions, the movant must demonstrate the state court action "will be an adequate vehicle for the **complete** and prompt resolution of the issues between the parties." *Ernest Bock,* 76 F.4th at 841 (emphasis in original); A *Colorado River* stay "is not appropriate if there is any possibility of continued substantive federal litigation after the state court action is resolved." *Travelers Cas. & Sur. Co. v. Jokake Constr. Servs., Inc.*, No. 2:23-CV-06301-HDV-AGRx, 2024 WL 944230, at *4 (C.D. Cal. Feb. 29, 2024) (citing *Ernest Bock,* 76 F.4th at 841); *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1204 (9th Cir. 2021) ("We have repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court."). In other words, it is not enough to show that the state court action will "simplify, or even potentially resolve, the issues before the federal court." *Id.* Instead, a state action is parallel to a federal action only where it will necessarily result in the resolution of all substantive questions and leave the federal court with "nothing further to do." *Ernest Bock*, 76 F.4th at 832 (quoting *Moses H. Cone*, 460 U.S. at 28). If there is "any substantial doubt" as to whether the state court action will completely and promptly

5

1  resolve the issues between the parties, "it would be a serious abuse of discretion to grant the stay or
2  dismissal at all." *Moses H. Cone*, 460 U.S. at 28.

3        Defendants assert that the resolution of the State Court Action will bar Plaintiff's claims in
4  this case under the doctrine of res judicata. (*See* Doc. 38 at 8–9; Doc. 40 at 4. *See also* Doc. 43 at
5  5.) However, assuming without deciding that this is true, this is true <u>only if</u> the appellate court in
6  the State Court Action rules in one of two ways: it affirms the lower court's ruling that there was
7  probable cause to detain Plaintiff in August 2020. If, on the other hand, the appellate court reverses
8  that ruling, then this case would <u>not</u> be fully resolved, and the Court would have something "further
9  to do."

10       "[A] *Colorado River* stay cannot issue when, as here, federal litigation will be fully resolved
11 only if parallel state court proceedings end in one of several possible outcomes . . . ." *Ernest Bock*,
12 76 F.4th at 832. Even Defendants acknowledge that res judicata applies to this case <u>only if</u> the
13 appellate court affirms the ruling of the lower court in the State Court Action: "The decision by the
14 Appellate Court will either affirm the lower state court (Hillman, J.) ruling that probable cause did
15 in fact exist or find otherwise and vacate the judgment and remand the case for further proceedings.
16 ***Should the judgment of the state court be affirmed***, Plaintiff's pending federal action will become
17 barred under the Doctrine of Res Judicata." (Doc. 38 at 8 (emphasis added). *See also* Doc. 40 at 2;
18 Doc. 43 at 5.)

19       Because additional federal litigation would be necessary if the appellate court does not affirm
20 the lower court's ruling in the State Court Action, the Court finds there is a "substantial doubt as to
21 whether the state proceedings will resolve the federal action." *Ernest Bock*, 76 F.4th at 841 (quoting
22 *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993)). In such
23 circumstances, "it would be a serious abuse of discretion" to grant a stay. *Moses H. Cone*, 460 U.S.
24 at 28. *See also Ernest Bock*, 76 F.4th at 841. Furthermore, "[s]ince [this Court] find[s] that there
25 exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed
26 issues in this case, it is unnecessary . . . to weigh the other factors included in the *Colorado River*
27 analysis." *State Water Res. Control Bd.*, 988 F.3d at 1208 (quoting *Intel Corp.*, 12 F.3d at 913 n.7).
28

## V.     CONCLUSION AND ORDER

The *Colorado River* action does not support a stay in this case. Accordingly, City Defendants' "Motion to Stay Proceedings Pending Resolution of Related Case on Appeal" (Doc. 37), in which County Defendants join (Doc. 40), is DENIED. The hearing set for June 26, 2024, is VACATED.

IT IS SO ORDERED.

Dated:   **June 4, 2024**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE