UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMREEN RIAZ<br><br>Plaintiff,<br><br>v.<br><br>NATHAN HENRY, et al.,<br><br>Defendants. | No. 1:21-cv-00911-KES-SKO<br><br>ORDER GRANTING COUNSEL FOR PLAINTIFF'S MOTION TO WITHDRAW<br><br>Doc. 85 |

Post trial, Kellan Patterson ("Patterson"), counsel of record for plaintiff Samreen Riaz ("Riaz"), moves for leave to withdraw as counsel. Doc. 85. Riaz opposes the motion.[1] Doc. 96. This action proceeded to trial on Riaz's federal § 1983 and state law claims concerning defendants' seizure and detention of Riaz on a temporary hold under California Welfare and Institutions Code § 5150. On April 7, 2025, the jury returned a verdict for the defendants. For the reasons addressed below, the Court grants Patterson's motion to withdraw.

///

///

---

[1] On April 10, 2025, Riaz emailed to court staff various documents including her opposition to Patterson's motion to withdraw and her supporting declaration. The Court has docketed Riaz's opposition and supporting declaration at Docket No. 96.

1

1  Local Rule 182(d) governs an attorney's withdrawal when doing so would leave the client
2  in propia persona. Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propia persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. Local Rule 182(d). California Rule of Professional Conduct 1.16 provides several grounds upon which an attorney may seek to withdraw, including when the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4).

The decision to grant or deny a motion to withdraw is committed to the Court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). In considering a motion to withdraw, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-cv-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

In this case, Patterson complied with Local Rule 182(d) by filing a declaration providing the Court with Riaz's last known address and, in his motion, stating that he had notified Riaz of his intent to file the motion to withdraw. Docs. 85-1 at 2; 85-2 at 2. Patterson has also sufficiently demonstrated that Riaz's conduct has rendered it "unreasonably difficult for [Patterson] to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4). Additionally, Patterson was retained by Riaz solely through the end of trial. Doc. 85-2 at 2. As trial has ended, Patterson has fulfilled his contractual obligation to Riaz.

Patterson contends there is "a complete breakdown in the attorney-client relationship and that there is absolutely no means to repair it." Doc. 85-1 at 2. Patterson points to Riaz's conduct at the jury trial that began April 1, 2025 and concluded on April 7, 2025, including openly challenging the decisions and strategy of Patterson.[2] In her opposition, Riaz argues there is no "breakdown in the relationship," but then alleges she had numerous strategic and tactical disputes with Patterson's litigation of the case. Doc. 96. Riaz indicates that she intends to move for a new trial, apparently based, at least in part, on Patterson's alleged failure to implement Riaz's desired strategic and tactical wishes at trial.

As the trial has concluded, and a unanimous jury verdict was rendered, Patterson has fulfilled his contractual obligation to Riaz. In his declaration, Patterson states that he has not been retained to conduct any appellate work. Doc. 85-2 at 2. Patterson's withdrawal results in little to no prejudice to Riaz, as she received the full benefit of her contractual arrangement with Patterson and there was no reliance on any continued representation. There is also no prejudice to any other party as judgment has been entered and the case is now closed. The Court also agrees that Riaz's conduct would make Patterson's continued representation unreasonably difficult, including based on Riaz's assertions in her opposition.

Accordingly, IT IS ORDERED:

1. Patterson's motion to withdraw, Doc. 85, is GRANTED.
2. The hearing set for May 5, 2025 is VACATED.
3. The Clerk of Court is directed to terminate Patterson as counsel of record for Riaz in this case. The docket should be updated to reflect that Riaz is now representing herself in this action, proceeding in propria persona.
4. Patterson shall serve a copy of this order on Riaz. Within three (3) days of the entry this order, Patterson shall file proof of such service.
5. Within thirty (30) days of the entry of this order, Patterson shall provide Riaz with

---

[2] At trial, Riaz appeared at times to challenge Patterson's decisions. She also attempted to circumvent him by directly emailing court staff regarding evidence she apparently wanted Patterson to introduce at trial. *See* Docs. 86–87.

|   |   |   |
|---|---|---|
| 1 |   | a copy of her case file if he has not already done so. |
| 2 | 6. | The case docket shall be updated to reflect plaintiff Samreen Riaz's address for |
| 3 |   | service: 1534 S. Manzanita Street, Visalia, CA 93292. All future filings, |
| 4 |   | including this order, shall be mailed to Riaz at her address of record on the docket. |
| 5 | 7. | Riaz is notified that the deadline to file a motion for new trial or a motion to alter |
| 6 |   | or amend a judgment, pursuant to Federal Rule of Civil Procedure 59, is no later |
| 7 |   | than twenty-eight (28) days after the entry of judgment. The deadline to file a |
| 8 |   | notice of appeal, pursuant to Federal Rule of Appellate Procedure 4, is no later |
| 9 |   | than thirty (30) days after the entry of judgment. The judgment in this case was |
| 10 |   | entered on April 7, 2025. Doc. 94. |
| 11 | 8. | Riaz is directed to familiarize herself with Local Rule 133 regarding filing |
| 12 |   | procedures for parties appearing in propria persona. |

IT IS SO ORDERED.

Dated:  April 14, 2025

_____
UNITED STATES DISTRICT JUDGE