UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMREEN RIAZ,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NATHAN HENRY, et al.,<br><br>　　Defendants. | No. 1:21-cv-00911-KES-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL<br><br>Doc. 101 |

Plaintiff Samreen Riaz filed this action against defendants Nathan Henry, Art Alvarez, Edvin Canto, Ernest Ceballos, the City of Visalia, and the County of Tulare, bringing federal § 1983 and state law claims concerning defendants' seizure and detention of Riaz on a temporary mental health hold under California Welfare and Institutions Code § 5150. This action proceeded to trial, and, on April 7, 2025, the jury returned a unanimous verdict for the defendants. Doc. 93. Riaz was represented by counsel Kellan Patterson at trial and in pretrial proceedings. After the trial ended, Patterson moved to withdraw as counsel based on a breakdown in the attorney-client relationship and Riaz's stated intent to move for a new trial based on Patterson's alleged failure to implement Riaz's desired strategic and tactical wishes at trial. *See* Doc. 85. The Court granted Patterson's motion to withdraw, noting that Patterson had fulfilled his obligations to Riaz and had not been retained to handle any appeal, and that Riaz's response to the motion to withdraw revealed that she had numerous strategic and tactical disputes with Patterson's litigation of the case. *See* Doc. 98.

Riaz, now proceeding pro se, moves for a new trial.[1]  Doc. 101.  Defendants have filed oppositions and Riaz has filed a reply.  Docs. 110–112.  For the following reasons, Riaz's motion is denied.

## I.   Jurisdiction

After filing her motion for a new trial on April 28, 2025, Riaz filed a notice of appeal to the Ninth Circuit.  *See* Docs. 104–105.  "As a general rule, a district court is divested of jurisdiction once a notice of appeal has been filed."  *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654 (9th Cir. 1991).  However, when a notice of appeal is filed after the filing of a motion for a new trial, the notice of appeal becomes effective when the district court enters its order on the motion.  *See* Fed. R. App. P. 4(a)(4)(B)(i).  Thus, the Court has jurisdiction to resolve the motion for a new trial.

## II.   Motion for New Trial

The Court may grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'"  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).  The district court has "considerable discretion in granting or denying the motion."  *Jorgenson v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003).  On a new trial motion, a district court has the right and duty "to weigh the evidence as [the court] saw it . . . ."  *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) (internal citation and quotation omitted).  "The judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party."  *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371 (9th Cir. 1987).  A motion for new trial should be granted "[i]f,

---

[1] Though Riaz's motion does not reference Rule 59, it indicates that she is moving for a new trial.  *See* Doc. 101.  The Court construes Riaz's motion to be under Rule 59(a), which governs motions for a new trial.

having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1371–72.

Riaz asserted grounds for a new trial all appear to be based on disagreements with her attorney's decisions, including the alleged failure: (1) to offer certain evidence and declarations, (2) to inform the Court about Riaz's wish to exclude a juror during voir dire, (3) to request a correction of the Court record following Riaz's testimony, (4) to object to a jury instruction and question on the verdict form, (5) to call certain witnesses, (6) to provide Riaz a copy of her exhibits and witness list prior to trial, and (7) to inform the Court of an alleged misrepresentation. *See generally* Doc. 101. To the extent Riaz asserts that a jury instruction or the verdict form were erroneous, her motion fails to identify the jury instruction or portion of the verdict form to which she objects.[2]

Riaz has not identified any authority, nor has this Court found any, supporting her argument that she should be granted a new trial based on her apparent disagreement with her attorney's trial strategy and tactical decisions. "Where a party to a civil case believes that [her] attorney committed the sort of misconduct alleged in this Motion, the law provides adequate remedies in tort." *Simplicity Int'l v. Genlabs Corp.*, No. CV 09-06146 SVW (RCx), 2010 WL 11515267, at *3 (C.D. Cal. Sept. 9, 2010); *see also Mekdeci v. Merrell Nat'l Laboratories*, 711 F.2d 1510, 1522–23 (11th Cir. 1983) ("a party does not have any right to a new trial in a civil suit because of inadequate counsel, but has as its remedy a suit against the attorney for malpractice"); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel."); *cf. Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."). Moreover, Riaz's attorney effectively presented evidence

---

[2] In her reply brief, Riaz raises for the first time several issues as to the jury instructions and verdict form. *See generally* Doc. 112. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). In any event, Riaz's arguments raised in her reply are meritless.

1  and made arguments on her behalf at trial.³

2  While Riaz takes issue with strategic and tactical decisions by her attorney during trial, she fails to establish any grounds for a new trial. Accordingly, Riaz's motion for new trial, Doc. 101, is denied.

IT IS SO ORDERED.

Dated:  July 28, 2025

_____
UNITED STATES DISTRICT JUDGE

---

³ Additionally, to the extent that Riaz purports to assert a Sixth Amendment claim for ineffective assistance of counsel, there is no such claim in this civil case. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985).

4