UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMREEN RIAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NATHAN HENRY, et al.,<br><br>    Defendants. | No. 1:21-cv-00911-KES-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br><br>Docs. 102, 106, 114, 115 |

Plaintiff Samreen Riaz filed this action against defendants Nathan Henry, Art Alvarez, Edvin Canto, Ernest Ceballos, the City of Visalia, and the County of Tulare, bringing federal § 1983 and state law claims concerning defendants' seizure and detention of Riaz on a temporary mental health hold under California Welfare and Institutions Code § 5150. This action proceeded to trial, and, on April 7, 2025, the jury returned a unanimous verdict for the defendants. Doc. 93. Riaz was represented by counsel Kellan Patterson at trial and in pretrial proceedings. After the trial ended, Patterson moved to withdraw as counsel based on a breakdown in the attorney-client relationship and Riaz's stated intent to move for a new trial based on Patterson's alleged failure to implement Riaz's desired strategic and tactical wishes at trial. *See* Doc. 85. The Court granted Patterson's motion to withdraw, noting that Patterson had fulfilled his obligations to Riaz and had not been retained to handle any appeal, and that Riaz's response to the motion to withdraw revealed that she had numerous strategic and tactical disputes with Patterson's litigation of the case. *See* Doc. 98.

Riaz, now proceeding pro se, moves the Court to: (1) grant e-filing access and compel Patterson to file her motion for new trial and her opposition to Patterson's motion to withdraw as

1

counsel, Doc. 102, (2) reconsider the Court's order, Doc. 98, granting Patterson's motion to withdraw, Doc. 106, (3) reconsider the Court's order, Doc. 113, denying Riaz's motion to proceed in forma pauperis on appeal, Doc. 114; and (4) grant in forma pauperis status on appeal, Doc. 115.  For the reasons described below, Riaz's motions are denied.

## I.     Jurisdiction

On April 28, 2025, Riaz filed a notice of appeal to the Ninth Circuit.  *See* Docs. 104–105.  "As a general rule, a district court is divested of jurisdiction once a notice of appeal has been filed." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654 (9th Cir. 1991).  However, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may [] deny the motion."  Fed. R. Civ. P. 62.1(a)(2).  Thus, the Court has authority to deny plaintiff's motions.

## II.    Motion to Grant E-Filing Access and Compel Patterson to File Documents

Riaz seeks permission from the Court to electronically file documents as her "supporting documents are exceeding 1500 pages," and that it is "efficient and cost effective."  Doc. 102 at 3.  Under Local Rule 133, "[a]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge.  *See* Local Rule 133(b)(3).  All pro se parties shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Rules."  In this district, pro se parties are presumed to file documents in paper.  Absent a showing of good cause, pro se parties may not file electronically.  Lengthy filings, efficiency, and cost effectiveness do not warrant an exception to the default rule.  *See Forte v. Hughes*, No. 1:13-cv-01980-LJO-SMS, 2014 WL 12921241, at *2 (E.D. Cal. Jan. 22, 2014) (denying plaintiff's motion for reconsideration of prior order denying permission for electronic filing on basis of personal convenience).

Riaz also seeks an order compelling Patterson "to file and serve . . . supporting documents on [Riaz's] behalf that are provided to [Patterson]" in support of her motions for new trial and opposition to Patterson's motion to withdraw.  Doc. 102 at 2.  Riaz has already filed, and the Court has already ruled on, her motion for new trial and Patterson's motion to withdraw as counsel.  *See* Docs. 85, 98, 101, 116.  Therefore, her request is moot.  Accordingly, Riaz's

Case 1:21-cv-00911-KES-SKO    Document 117    Filed 07/31/25    Page 3 of 4

1 motion, Doc. 102, for permission to electronically file and to compel Patterson to file certain
2 documents is DENIED.

3 **III.     Motion to Reconsider Court's Order Granting Patterson's Motion to Withdraw**

4 Riaz moves for reconsideration of this Court's order, Doc. 98, granting Patterson's motion
5 to withdraw as counsel. Doc. 106. Reconsideration is generally appropriate only where (1) a
6 party presents the court with newly discovered evidence, (2) the court committed clear error or
7 the initial decision was manifestly unjust, or (3) there has been an intervening change in
8 controlling law. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263
9 (9th Cir. 1993). A party seeking reconsideration must show "more than a disagreement with the
10 Court's decision, and recapitulation of the cases and arguments considered by the court before
11 rendering its original decision fails to carry the moving party's burden." *United States v.*
12 *Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

13 In support of her motion, Riaz largely restates the same arguments she made in her
14 opposition to Patterson's motion to withdraw. These arguments are unpersuasive. Patterson was
15 not retained to handle appellate work, and Riaz received the full benefit of her agreement with
16 him. Doc. 98 at 3. Riaz has not provided any evidence to suggest otherwise.[1] Riaz also contends
17 that the attorney-client relationship was reparable and the Court erroneously found there was
18 good cause for Patterson to withdraw. Doc. 106 at 7–8. Riaz's contention is undermined by her
19 myriad stated strategic and tactical disputes with Patterson's litigation of the case, as restated in
20 Riaz's various post-trial motions.

21 Riaz has not met her burden to justify reconsideration of the Court's order granting
22 Patterson's motion to withdraw. Therefore, her motion for reconsideration, Doc. 106, is
23 DENIED.

---

[1] Riaz argues that the Court did not file on the docket all documents that she emailed to court staff. Doc. 106 at 6–7. As the Court reminded Riaz on April 25, 2025, Doc. 100, she does not have permission to utilize electronic filing and she may not email documents to court staff for filing. She must comply with the requirements for filing paper documents with the Clerk's Office.

### IV. Motion to Reconsider Denial of In Forma Pauperis Status on Appeal and Motion to Proceed In Forma Pauperis

Riaz moves for reconsideration of the Court's order, Doc. 113, denying her motion to proceed in forma pauperis on appeal. Doc. 114. Riaz's initial motion, Doc. 108, did not provide the required documentation in accordance with Federal Rule of Appellate Procedure 24(a)(1). Riaz fails to establish any basis for reconsideration of this Order. Riaz offers no evidence to support her accusations that the Court was biased or prejudicial in its denial of her motion. *See* Doc. 114 at 1–2. Accordingly, Riaz's motion for reconsideration, Doc. 114, is DENIED.

Riaz also refiled her motion to proceed in forma pauperis. Doc. 115. Her refiled motion again fails to comply with Rule 24(a)(1). Moreover, on June 3, 2025, Riaz paid the $605.00 filing fee in full. Therefore, her renewed motion, Doc. 115, is unnecessary and is denied as moot. *See Latham v. Gipson*, No. 24-cv-01428-KES-BAM, 2025 WL 603797, at *1 (E.D. Cal. Feb. 25, 2025) (denying plaintiff's motion to proceed in forma pauperis as moot after plaintiff paid the filing fee in full).

### V. Conclusion

Accordingly:

1. Riaz's motion for permission to electronically file and motion to compel her attorney to file certain documents, Docs. 102, is DENIED;
2. Riaz's motion for reconsideration of the Court's order granting Patterson's motion to withdraw, Doc. 106, is DENIED;
3. Riaz's motion for reconsideration of the Court's order denying in forma pauperis status on appeal, Doc. 114, is DENIED; and
4. Riaz's motion to proceed in forma pauperis on appeal, Doc. 115, is DENIED as moot.

IT IS SO ORDERED.

Dated:   July 30, 2025

UNITED STATES DISTRICT JUDGE